The next case on the calendar is Romano v. Lisson. Why don't you just take a moment, you've got quite a crowd behind you. I had not seen that, that's a pretty impressive sight. Your case is basically a 99% case, their case is a 1% case and they're not that interested in your case. But you can be assured that we are. In fact, I suspect a lot of those folks were billing for being here and they couldn't bill for being here for your argument. We'd have to be very creative. Let's see, you do have some, an audience, it's sort of like you're the indie movie maybe. Fits in the smaller courtroom. So I think we're ready. Great, thank you Judge Livingston. My name is Ben Fleming, I represent Appellant Anthony Romano and may it please the court. In case after case, this court has stated that complaints by pro se litigants must be construed with particular generosity and that the factual allegations in those complaints must be interpreted to raise the strongest arguments that they suggest. Likewise, this court has repeatedly stated that pro se litigants must be given every reasonable opportunity to demonstrate that they have a claim and that so long as a liberal reading of a pro se complaint shows any indication that a valid claim might be stated, dismissal with prejudice is not appropriate. Here the district court contravened all those principles. Rather than conduct a review of Mr. Romano's complaint with a special solicitude that this court has directed, district court conducted a cursory superficial review of the complaint and overlooked key factual allegations, including Mr. Romano's claim that a correctional officer tampered with all his legal mail. As a result of that review, the district court did not appreciate that Mr. Romano either had alleged or could allege valid claims for violations of his First and Fourteenth Amendment rights in connection with that legal mail tampering. That was the sum total of the allegation with regard to the legal mail in the complaint, right, that he's tampered with all my legal mail? Correct. It's at page 12 of the appendix, and it's correctional officer Everett in particular tampered with all legal mail, which is, to be sure, not a specific allegation or a detailed allegation, but it's certainly a broad allegation. And one of the things that this court has said when the court is construing a pro se complaint is look to whether the factual allegations in the complaint are broad enough to support a legal theory. It might be the legal theory the litigant, him or herself, has advanced. It might be a different legal theory that the court sees and think that a district court should give some attention to. But as long as the allegations are broad enough to cover that theory, some more attention should be paid to it. And here Mr. Romano's allegations are broad. They're not limiting either. All legal mail is broad. And so is the claim that a number of individuals at the IICP unit at Wendy, where he was being kept, deprived him of all phone contact with counsel over a period of years that stretched from 2013 into 2014. Again, broad and open to interpretation. Were the allegations too broad? I don't think so, Judge. To provide reasonable notice. Well, I don't think so, Judge Chin. I think the Supreme Court in Erickson and this court later in the Key Corp case made clear that pro se litigants don't need to demonstrate specific facts in their complaint, and as long as the defendant's on fair notice of what the nature of the claim is, that's sufficient in the pro se setting. And when you say in the pro se setting, aren't you really saying at this stage of the litigation, that this is dismissed sua sponte by the district court, right? That's correct, Judge Lynch. So maybe these allegations would not suffice if the defendants were served and they filed a motion to dismiss on this ground. But, of course, if they filed a motion to dismiss, then the plaintiff would have seen what at least somebody said was a problem with his complaint and might have been in a position to say, oh, I can solve that and ask for leave to amend, and we'd be in a very different posture. What I'm wondering is, it's not only that he's pro se. Maybe at some later stage in the proceedings, this complaint would still be held to be insufficient if the plaintiff didn't take steps to fix it in some way. But here we're dealing with a sua sponte dismissal. So I agree with everything you said, Judge Lynch, for about three different reasons. One reason is that this was a screening dismissal, and Mr. Romano had no notice one way or the other of any of the deficiencies the district court found in his complaint, and he had no chance to amend. And we cited all the precedents in our brief of why that sort of dismissal, without at least even one chance to amend, is generally disfavored. There's also the fact that the district court didn't seem to spot the legal theories that we've put to the court in this brief. There's no citations to authority in the sole paragraph that analyzes Mr. Romano's claims. It's all very conclusory. So we're not sure, really, what the district court thought or didn't think. But then there's the fact that, as we described in our brief, the standard for pleading a legal mail claim based on the denial of an incarcerated person's right to the free flow of information, the standard is not all that high. In Washington v. James and Davis v. Gord, this court stated that two instances of mail tampering in circumstances that suggest a policy of censoring an inmate's mail unjustifiably, that gets you over the pleading stage. So we think on a generous reading of Mr. Romano's complaint, handwritten and difficult to read though it is, he gets there. But we certainly think that with a chance to amend, he would get there. And that's also true of the phone privileges context, even though that's a slightly less developed claim in this circuit. We think the allegations there are more detailed than even the legal mail context, and we think he could state a claim individually there or in concert with the legal mail tampering. It's slightly less developed. Is it developed at all? What have we said about that claim? Well, as we pointed out in the brief, Judge Livingston, this court hasn't passed on the issue one way or the other. Other circuit courts have, and they've looked to the Supreme Court precedent and found that an inmate does have a First Amendment right to use the phone to contact individuals outside of the prison setting. And Judge Draghi, in the birth case, which we cited at page 14 in our brief, followed those out-of-circuit precedents and found that a claim had been validly stated by a prisoner who was at the Brooklyn House of Detention, rather a pretrial detainee. But again, do we have to decide in this case that such a claim does state as a matter of law a claim for relief, or do we only have to say at this stage that it shouldn't have been dismissed at the screening stage? Because it seems to me if this is an open question in the circuit, it would be very odd for us to decide it one way or the other based on one-sided briefing or based on just we don't think that that's a good claim, and so forget it, when it hasn't really been subject to testing in the district court. No, you certainly don't have to write that type of opinion, Judge Lynch. We think it's open to the court to give some guidance to the district court on remand, specifically because the district court did not seem to appreciate that these constitutional claims were out there and implicated by the factual allegations. But no, you don't have to squarely rule. At this early juncture, is that wise? I mean we could vacate and send back saying that there was an error in the district court for not giving the pro se petitioner, pro se plaintiff an opportunity to amend, and then there would be an opportunity for service of the defendants and some adversarial testing of the complaint. We have no quarrel with that approach, Judge Livingston. It's just that because we got so little from the district court, we thought more might have been better than less in this circumstance. Unless there are any further questions, I'll rest on my briefs. Thank you very much, and thank your firm and you for your help with this matter. On that subject, in your brief you suggested something to the effect that we should encourage the district court to have counsel appointed, but you weren't suggesting that you're volunteering and that we should suggest that the district court appoint you? We were not suggesting that, Judge Lynch. I thought as much. I was hoping not, but I thought that's the way I read it. Okay. Mr. Romano is currently incarcerated at the Five Points Correctional Facility, which I believe is in the Finger Lakes region, and it's halfway between Rochester and Syracuse. I understand. Someone who could see him in person would probably be ideal. I understand. Thank you. Thank you very much.